IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN FORBES, | : | Civil No. 3:21-cv-2115 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| OFFICER KOZICH, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Jordan Forbes ("Forbes"), an inmate formerly in the custody of the Pennsylvania Department of Corrections, initiated this civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). The matter is proceeding via an amended complaint wherein Forbes names as Defendants twenty prison officials employed at the State Correctional Institution at Frackville ("SCI-Frackville"). (Doc. 9). Presently before the Court is a Rule 12(b) motion filed by Defendants Kozich, Boyce, Donahue, Wynder, Mantz, Knappenberger, Gronski, Smith, Erdman, Testen, Provow, Walter, Resendes, D. Maul, and J. Maul. (Doc. 13). Forbes failed to respond to Defendants' motion and the time for responding has now passed.[2] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant the motion. The Court will also dismiss the

---

[1] Forbes has been released from custody. (*See* Docs. 14, 15).

[2] Forbes was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 18) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

action against Defendants Eidem, Bly, Kimmel, Tedesco, and Mohl pursuant to Federal Rule of Civil Procedure 4(m).

## I.   Allegations of the Amended Complaint

Forbes alleges that, on September 1, 2021, he was sprayed with oleoresin capsicum ("OC") spray after he got into a physical altercation with another inmate. (Doc. 9, p. 6). After the OC spray was deployed, Forbes was escorted from the housing unit to the medical department for treatment. (*Id.*). He was subsequently placed into a psychiatric observation cell. (*Id.*). Forbes alleges that he was in the cell for thirteen days and, as a result of the exposure to OC spray, he suffered from burning skin, eye irritation, coughing, choking, and inhaling chemicals. (*Id.*). Forbes contends that he requested soap and a shower but was denied. (*Id.*). He alleges that "each defendant listed knowingly knew [he] was covered in spray and failed to provide medical attention or offer [him] a shower." (*Id.*).

On May 12, 2022, Forbes was released from custody. (Doc. 14).

## II.   Legal Standards

### A.   Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

3

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## B.     Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536

4

U.S. 273, 284-85 (2002)). To state a cause of action under section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. Discussion

Defendants assert that the Court should dismiss Forbes' amended complaint because he has failed to allege facts showing the requisite personal involvement of each Defendant. (Doc. 16). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had

5

personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Forbes alleges that "each defendant listed knowingly knew [he] was covered in spray and failed to provide medical attention or offer [him] a shower." (Doc. 9, p. 6). The amended complaint does not specify what role, if any, the individual Defendants played in the alleged denial of Forbes' rights. Further, the amended complaint does not specifically aver that any of the Defendants were involved in the use of OC spray, medical treatment, or monitoring in the psychiatric observation cell. Under the most liberal construction, Forbes' amended complaint fails to state a claim for relief. The amended complaint simply lists the Defendants as parties to this action but fails to allege any personal involvement and fails to set forth any factual averments that identify how each Defendant was involved in the alleged wrongdoing. This form of pleading is wholly inadequate because it fails to allege facts that give rise to a plausible claim for relief. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him). Based upon the above legal standards, it is clear that any claims against the Defendants are subject to dismissal based on Forbes' failure to set forth any factual allegations against them in the amended complaint. Without such factual allegations, it is impossible to conclude that the Defendants deprived Forbes of any constitutional rights.

To the extent that Forbes seeks to hold any of the Defendants liable based upon their supervisory roles, this claim also fails. Supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Accordingly, insofar as Forbes' claims against the Defendants rely on a *respondeat superior* theory of liability, they are entitled to dismissal on this ground.

## IV.    Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Defendants Eidem, Bly, Kimmel, Tedesco, and Mohl were named in the amended complaint that was filed on February 16, 2022 and, to date, have not been served in this case. The Court must engage in a two-step process in determining whether to dismiss the non-served Defendants or grant Forbes additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith

7

on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Forbes failed to establish good cause. After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Forbes that the action against Defendants Eidem, Bly, Kimmel, Tedesco, and Mohl was subject to dismissal and directed him to show cause why the action against these Defendants should not be dismissed pursuant to Rule 4(m). (Doc. 17). Forbes failed to respond to the Rule 4 show cause order, and his *pro se* status is not good cause to excuse his failure to timely serve these Defendants. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Forbes failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). It is Forbes' responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (*See* Doc. 10 ¶ 7)

8

(advising Forbes that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Forbes' lack of good faith effort to identify and serve Defendants Eidem, Bly, Kimmel, Tedesco, and Mohl despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-served Defendants will be dismissed from this action.

## V. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). As set forth above, Forbes' claims are factually flawed. Forbes has filed an amended complaint and has failed to remedy the deficiencies. Moreover, Forbes has failed to oppose Defendants' motion and he has made no contact with the Court since May 11, 2022. Thus, the Court concludes that granting Forbes leave to file a second amended complaint would be a futile endeavor. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019)

(where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

## VI. Conclusion

The Court will grant the motion (Doc. 13) to dismiss filed by Defendants Kozich, Boyce, Donahue, Wynder, Mantz, Knappenberger, Gronski, Smith, Erdman, Testen, Provow, Walter, Resendes, D. Maul, and J. Maul. The Court will dismiss the action against Defendants Eidem, Bly, Kimmel, Tedesco, and Mohl pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 15, 2022